IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-436-BO

| | |
|---|---|
| Odessa Morris,<br>    Plaintiff,<br><br>v.<br><br>Michael J. Astrue,<br>    Commissioner of Social Security,<br>    Defendant. | )<br>)<br>)<br>)<br>)   <u>O R D E R</u><br>)<br>)<br>) |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's motion is GRANTED, Defendant's motion is DENIED, and the decision of the Commissioner is REVERSED and REMANDED.

## BACKGROUND

Ms. Morris filed an application for Disability Insurance Benefits and a period of disability on November 4, 2005, alleging disability since May 27, 2004. [Tr. 14]. Her claim was denied initially and on reconsideration, and an Administrative Law Judge ("ALJ") held a hearing on November 4, 2008, at which Ms. Morris was represented by counsel and testified. [Tr. 25-38]. After considering the claim de novo, the ALJ issued a decision on February 11, 2008, finding Ms. Morris not disabled at step five of the sequential disability evaluation process. 20 C.F.R. § 404.1520. [Tr. 14-22]. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Ms. Morris's request for review. [Tr. 3-6]. Thereafter, Ms. Morris commenced the instant action pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The ALJ's decision is REVERSED and REMANDED for further administrative proceedings consistent with this opinion. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. § 416.920. At step one, if the claimant is currently engaged in substantial gainful activity (SGA), the claim is denied. When substantial gainful activity is not an issue, at step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. If the claimant has a severe impairment, at step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing), 20 C.F.R. § 404, Subpart P, App. 1; if the impairment meets or equals a Listing, disability is conclusively presumed. If the claimant's impairment does not meet or equal a Listing, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his or her past work despite the impairments; if so, the claim is denied. If the claimant cannot perform past relevant work, at step five, the burden shifts to the Commissioner to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work.

In the instant case, at step one, the ALJ determined that Ms. Morris had not engaged in

substantial gainful activity since her alleged onset date. [Tr. 16]. At step two, the ALJ determined that the evidence showed Ms. Morris has headaches, hypertension, and diabetes mellitus–impairments that are severe within the meaning of the regulations. [Tr. 16]. However, the ALJ determined that Ms. Morris' glaucoma did not have more than a minimal effect upon her ability to perform work related functions and therefore he determined it was not a severe impairment. Id. At step three, the ALJ reviewed the medical evidence and, considering listings 4.00, 9.00 and 11.00, determined that Ms. Morris did not have an impairment or combination of impairments to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P. Appendix 1 [Tr. 17]. The ALJ reviewed the medical and nonmedical evidence of the record and determined that Ms. Morris had the residual functional capacity to perform the full range of work at all exertional levels, but could not be exposed to hazardous conditions. [Tr. 17-20]. At step four the ALJ determined Ms. Morris could not do her past relevant work. [Tr. 20]. The ALJ further determined that a finding of not disabled was directed by the Medical-Vocational Rule 204.00. [Tr. 21] (step five).

    The ALJ failed to obtain testimony from a vocational expert regarding the effect of Plaintiff's nonexertional impairments on the occupational base. The ALJ determined that due to Plaintiff's limitations caused by her impairments, she was unable to perform her past relevant work. [Tr. 20]. Having met her burden at Step Four, it was in error for the ALJ to apply the Medical-Vocational Guidelines of 20 CFR Part 404, Subpart P, Appendix 2 (the "grids") mechanically and in isolation at step five of the sequential evaluation. "Where the fifth step in the disability inquiry is reached and nonerxertional limitations are present, recourse must be had to other evidence than the [grids] alone to conclude whether the claimant is capable of performing alternative work available in the national economy." *Roberts v. Schweiker*, 667 F.2d

1143, 1145 (4th Cir. 1981). Here, the ALJ identified nonexertional limitations and erroneously applied the Medical-Vocational guidelines in determining the effect of Plaintiff's limitations on the occupational base. The guidelines are but one factor to be considered along with all other relevant factors–including the opinion of a vocational expert. *See Id.* Accordingly, on remand, a vocational expert must be consulted to determine the effect of Plaintiff's nonexertional limitations on the occupational base.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Judgment on the Pleadings is GRANTED, Defendant's Motion for Judgment on the Pleadings is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

SO ORDERED, this 19 day of October, 2010

TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE